UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON subscribing to
Policy number GLX0843-01,

    Plaintiff,

v.                                            Case No. 8:18-cv-2550-WFJ-AAS

VIRTUS PHARMACEUTICALS, LLC,
MELISSA GERALDS, and VIRTUS
PHARMACEUTICALS OPCO II, LLC,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to a show cause order (Dkt. 464). Having reviewed both responses to the order (Dkts. 465, 466) and the entire file, the Court concludes this matter should be abated and stayed until the resolution of the pending Texas state court case.

Defendant Melissa Geralds filed a petition in the Ellis County, Texas state district court on April 20, 2017. Dkt. 466 ¶ 9 & Ex. C ¶ 5. Ms. Geralds amended the lawsuit on September 10, 2018, to "add personal injury claims and wrongful death claims against Virtus Pharmaceuticals, LLC, Virtus Pharmaceuticals Opco II, LLC, Pharmatech, LLC [and two additional defendants]." Dkt. 466 Ex. C ¶¶ 6, 7. & attached amended Texas petition. According to all remaining Defendants in

this federal interpleader action, the state court case is set for trial May 4, 2023. Dkt. 463 ¶ 1.

The instant federal interpleader action was filed on October 16, 2018. Dkt. 1. The unopposed motion to deposit Plaintiff's policy funds of $2,049,133.06 with the Clerk of Court was granted March 12, 2019. Dkt. 185. Per counsel for Ms. Geralds, the Texas state court case was stayed insofar as any action against this *res* when this interpleader action was filed and "by this Court's injunction that precludes claims against the insurance proceeds outside of this interpleader action." Dkt. 466 ¶¶ 1, 9, 23.[1]

Under 28 U.S.C. § 2361, the purpose of an injunction is to restrain claimants from prosecuting any proceeding that may affect the property, which in this case is the policy funds, and to protect the disinterested stakeholder from facing multiple lawsuits over the same property. Dkt. 232 (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967); *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1351 (S.D. Fla. 2010)). Since the filing of this case over four years ago, only two claimants remain—the Virtus

---

[1] Although Plaintiff never filed an injunction against Ms. Geralds, Plaintiff filed a motion to enjoin another Defendant's (Shirley Wienelt's) separate lawsuit. Dkt. 117. The injunction was granted partly based on the other Defendant's filing of a separate lawsuit after this interpleader was filed and partly because the separate lawsuit might affect the same policy funds involved in this interpleader action. Dkts. 232, 243. A default judgment was entered against Ms. Wienelt in this case in October 2019. Dkt. 283.

2

Defendants and Ms Geralds.[2]  Plaintiff is now left with one pending lawsuit, which involves these claimants and was filed prior to this interpleader action.  On balance, the Texas state court case is better poised to allow the development of the facts and resolution of Ms. Geralds' case.  The death occurred in Texas and a jury trial is presently set.[3]

Accordingly, this interpleader action is held in abeyance so that the Texas state court may proceed in Ms. Geralds' pending case against the Virtus Defendants and others.  The parties should alert this Court via motion when further judicial action is required in this interpleader action.  The Clerk is directed to administratively close this case.

**DONE AND ORDERED** at Tampa, Florida, on January 18, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record

---

[2] All claims have been either settled or default judgments entered against the claimants.
[3] The Virtus Defendants have cited no authority that prohibits this Court from abating this action.

3